# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PONTIUS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>INTERNAL REVENUE SERVICE, et al.,<br><br>　　　　Respondents. | Case No.  1:13-mc-00056-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PETITIONER'S AMENDED PETITION TO QUASH SUMMONS<br><br>(ECF Nos. 12, 13, 14, 16)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

## I.

## PROCEDURAL HISTORY

Petitioner David Pontius filed a petition to quash Internal Revenue Service ("IRS") summonses on November 14, 2013. (ECF No. 1.) On November 19, 2013, the Court issued an order requiring Petitioner to properly serve and notice a hearing on the petition to quash. (ECF No. 2.) On December 6, 2013, Petitioner refiled the petition to quash and filed a notice of hearing. (ECF Nos. 3, 4.) On December 17, 2013, Petitioner filed a motion to amend his petition to quash and an amended petition was lodged with the Court. (ECF Nos. 5, 6.) On December 18, 2013, Respondent filed a motion to continue the hearing on the petition to quash. (ECF No. 7.) The motion to continue the hearing was granted; and the hearing on the petition to quash was set for February 19, 2014 at 10:00 a.m. before the undersigned. (ECF No. 8.)

On January 7, 2014, an order issued granting Petitioner's motion to amend his petition; and the lodged amended petition was filed. (ECF Nos. 9, 12.) Respondent filed a response to the motion to quash and a motion for summary judgment to enforce the I.R.S. summonses on January 8, 2014. (ECF No. 13.) On January 27, 2014, Petitioner filed a reply. The Court found the motion suitable for decision without a hearing and an order issued vacating the hearing on the motion. (ECF No. 15.) On January 31, 2014, Respondent filed a reply.[1] (ECF No. 16.)

## II.

## PETITION TO QUASH LEGAL STANDARD

The IRS has the authority "[t]o examine any books, papers, records, or other data which may be relevant or material" to "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability." 26 U.S.C. § 7602(a)(1). This includes the authority to issue summons to a person who has possession, custody, or care of books related to the tax liability. 26 U.S.C. § 7602(a)(2). In light of the vital public purpose which they serve, these grants of power are to be liberally construed. DeMasters v. Arend, 313 F.2d 79, 87 (9th Cir. 1963); see also United States v. Arthur Young & Co., 465 U.S. 805, 814 (1984) (a section 7602 summons is a critical discovery tool in the investigative and enforcement functions of the IRS which allows the IRS to obtain items of even potential relevance to an ongoing investigation); Speck v. United States, 59 F.3d 106, 108 (9th Cir. 1995) (quoting Arthur Young & Co., 465 U.S. at 816) ("Congress has granted the IRS 'expansive information-gathering authority.'").

A taxpayer identified in the summons served on a third party recordkeeper may seek to quash the summons and the IRS may seek to compel compliance with the summons. 26 U.S.C. § 7609(b)(2)(A). To defeat the petition to quash, the Commissioner must establish that 1) the

---

[1] For the first time in the reply, Respondent seeks costs in this action. (ECF No. 16 at 6.) The Court declines to address Respondents request for costs raised for the first time in the reply brief as Petitioner did not have an opportunity to oppose the request. If Petitioner wishes to seek costs in this action then a motion needs to be filed setting forth the statutory grounds to seek costs and proof of any such costs must be submitted with the motion.

investigation will be conducted for a legitimate purpose; 2) the material sought may be relevant to that purpose; 3) the material sought is not already within the Commissioner's possession; and 4) the IRS complied with the administrative steps required by the Internal Revenue Code. United States v. Powell, 379 U.S. 48, 57-58 (1964).  "The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the Powell requirements have been met." United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993).  Once the IRS meets its burden, the taxpayer then has a heavy burden to show there was an abuse of process or the lack of institutional good faith.  Dynavac, Inc., 6 F.3d at 1414.  "Enforcement of a summons is generally a summary proceeding in which the taxpayer has few defenses."  United States v. Derr, 968 F.2d 943, 945 (9th Cir. 1992).

### III.

### DISCUSSION

Petitioner contends that the summonses were improperly served by the IRS without the proper authority to serve under 26 U.S.C. § 7608. (Am. Pet. to Quash I.R.S. Summons 1, 7-10,[2] ECF No. 12.)  Petitioner argues that the specific authority to issue IRS summonses is under 26 U.S.C. §§ 7402(b) and 7604(a). (Id. at 5.)  Petitioner states that the IRS is required to establish all the "appropriate process" under 26 U.S.C. §§ 7603 and 7613 before the district court can enforce the summonses. (Id. at 6.)  Petitioner argues that Agent Valdez is not authorized by the statute to effect service. (Id. at 21.)  Petitioner moves to have the subpoenas quashed for lack of proper service under 26 U.S.C. § 7608(a) and Federal Rule of Civil Procedure 12(b)(5). (Id. at 22.)

Respondent argues that the summonses satisfy the Powell requirements and should be enforced.  (United States Mem. in Support of Opp. to Am. Pet. to Quash Two IRS Third Party Summones and Mot. for Summary Enforcement of the Summonses 4-8, ECF No. 13-1.) Respondent also argues that Agent Valdez is authorized to issue the summonses pursuant to the authority of 26 U.S.C. §§ 7602 and 7608, 26 C.F.R. § 301.7602-1 and IRS Delegation Order No.

---

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

25-1. (Id. at 8-11.) Respondent contends that Petitioner's arguments lack legal merit and should be disregarded and requests that the Court enforce the summonses. (Id. at 11.)

### A.   Service of Summonses

On October 25, 2013, IRS Revenue Agent Nelson Valdez issued two IRS summonses. Summonses were issued to Bank of America, located in Los Angeles, California, and JP Morgan Chase Bank, located in Chicago, Illinois, relating to the examination of Petitioner's federal income tax liabilities from 2009 through 2012. (Valdez Decl. ¶¶ 4, 6-7, ECF No. 13-2; Exhibits A, ECF No. 13-3; Exhibit B, ECF No. 13-4.) The information sought may be relevant for the purposes of determining Petitioner's tax liabilities for the 2009-2012 tax years. (Valdez Decl. ¶ 13.) Pursuant to the summonses, documents were to be produced to the IRS in Bakersfield, California, on November 26, 2013. (Id. at ¶¶ 6, 7.) Copies of the summonses were served on Petitioner on October 25, 2013. (Id. at ¶¶ 8-10; Exhibit C, ECF No. 13-5; Exhibit D, ECF No. 13-6; Exhibit E, ECF No. 13-7.) After receiving the petition to quash, Bank of America discontinued processing the document request pending a court order on the petition. (ECF No. 13-8.) No documents have been produced in response to the summonses. (ECF No. 13-2 at ¶¶ 15, 16.)

### B.   The Government Has Established a Prima Facie Case for Enforcement of the Summonses

Petitioner argues that Respondents have not shown that the summonses were issued in good faith because they have not identified the IRS statutes under which his liability might arise. (Petitioner's Reply to Respondent's Opp. ¶ 21, ECF No. 14.) However, Respondents are only required to make a minimal showing that the Powell factors have been met to make a prima facie case for enforcement of the summonses. Crystal v. U.S., 172 F.3d 1141, 1144 (9th Cir. 1999); Liberty Financial Services v. U.S., 778 F.2d 1390, 1392 (9th Cir. 1985). Similarly, although Petitioner argues that Respondents may not engage in a "fishing expedition" (ECF No. 14 at ¶¶ 24-26), the IRS may obtain items of even potential relevance to an ongoing investigation, Speck, 59 F.3d at 108. Respondents have met their burden of meeting the Powell requirements by submitting the declaration of Agent Valdez and the summonses that were issued in this instance.

Agent Valdez' declaration states that the investigation is being conducted to determine Petitioner's federal tax liabilities for the 2009 through 2012 tax years. (ECF No. 13-2 at ¶ 4.) Under section 7602, a summons may be issued to ascertain the correctness of a return, make a determination of liability for any internal revenue tax, or collect any tax liability. The investigation here is being conducted for a legitimate purpose.

The information sought by the summons is "documents relating to deposits, bank statements, signature cards, loan applications, checks, money orders and cashier's checks, documents relating to any safe deposit box, foreign and domestic letters of credit, and any closing documents relating to accounts held by David Pontius during the periods at issue." (ECF No. 13-2 at ¶¶ 6, 7; ECF No. 13-3 at 3; ECF No. 13-4 at 3.) Agent Valdez states that this information may be relevant to determine Petitioner's tax liability for the years at issue. (ECF No. 13-2 at ¶ 13.) The second Powell requirement has been met.

The information sought is not already in the possession of the IRS. (Id. at ¶ 11.) Finally, the IRS has complied with the administrative steps required by the Internal Revenue Code. (Id. at ¶ 12.) As Respondents have met their burden, Petitioner has the heavy burden of showing there was an abuse of process or the lack of institutional good faith. Dynavac, Inc., 6 F.3d at 1414.

**C. Appropriate Process was Used in Effecting Service of the Summonses**

Petitioner contends that the IRS has not used the "appropriate process", and therefore, the Court lacks jurisdiction to enforce the subpoena. Petitioner argues that the summonses were not served by a person who was lawfully authorized under section 7608. Respondent replies that Agent Valdez is not a Revenue Enforcement Agent governed by section 7608(b), but is authorized to serve the summons pursuant to 26 U.S.C. §§ 7602 and 7608, 26 C.F.R. § 301.7602-1 and IRS Delegation Order No. 25-1.[3]

Section 7608 is inapplicable here as it "applies only to criminal enforcement officers

---

[3] Respondent also argues that section 6065 is an inapposite code section which does not apply here. (ECF No. 13-1 at 9.) Although Respondent's response shows that it is addressing the amended petition to quash, it addresses arguments raised in the original petition that were abandoned in the amended petition. The Court shall only address those arguments that were raised in the amended petition, filed January 8, 2014.

performing certain functions relating to undercover operations, subtitle E of the Internal Revenue Code and other laws relating to alcohol, firearms and tobacco." In re Beam, 192 F.3d 941, 945 (9th Cir. 1999). Respondent and Petitioner agree that the records are not related to any laws relating to alcohol, firearms or tobacco. Sections 7608 and 7602 operate independently and since Respondents are not enforcing any subtitle E provision or any other criminal provision, section 7608 does not apply here. Nelson v. U.S., 74 A.F.T.R.2d 94-707, 1994 WL 519485, at *5 (N.D. Cal. Sept. 19, 1994).

Further, it is "undisputed that a special agent is authorized, pursuant to 26 U.S.C. [§] 7602, to issue an Internal Revenue summons in aid of a tax investigation with civil and possible criminal consequences." Couch v. United States, 409 U.S. 322, 326 (1973). Under section 7602, Congress has given the Commissioner expansive authority to examine records, issue summonses, and take testimony for the purpose of determining an individual's tax liability or collecting any such liability. U.S. v. Holoubek, 97 A.F.T.R.2d 2006-2635, 2006 WL 1701872, at *4 (D. Ariz. May 15, 2006) (quoting 26 U.S.C. § 7602(a)-(b)). Section 7602 and C.F.R. § 301.7602-1 authorize the government to issue summonses such as those here. Holoubek, 2006 WL 1701872, at *4.

As an Internal Revenue Agent, Agent Valdez has the authority to issue and serve summonses pursuant to 26 U.S.C. § 7602 and 26 C.F.R. § 301.7602-1. Holoubek, 2006 WL 1701872, at *5. Petitioner has failed to meet his burden to show that the investigation did not meet the Powell requirements or that there was an abuse of process or the lack of institutional good faith. Dynavac, Inc., 6 F.3d at 1414. Accordingly, the Court finds that the summonses at issue here were properly served and recommends that Petitioner's motion to quash the summonses for lack of proper service under 26 U.S.C. § 7608 and Fed. R. Civ. P. 12(b)(5) be denied.

## IV.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's petition to quash the IRS summonses be DENIED; and

2. Respondent's motion for summary judgment to enforce the IRS summonses to Bank of America, N.A. and JP Morgan Chase Bank, N.A. be GRANTED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 18, 2014**

UNITED STATES MAGISTRATE JUDGE