# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PONTIUS,<br><br>    Petitioner,<br><br>    v.<br><br>INTERNAL REVENUE SERVICE, et al.,<br><br>    Respondents. | Case No.  1:13-mc-00056-AWI-SAB<br><br>ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND THE JUDGMENT<br><br>(ECF No. 25) |

On April 4, 2014, an order issued adopting the magistrate judge's findings and recommendations and Petitioner's motion to quash IRS summonses was denied and this action was closed.  (ECF Nos. 23, 24.)  On April 17, 2014, Petitioner filed a motion to alter or amend the order of the court.  (ECF No. 25.)  Plaintiff continues to contend that the IRS agent did not have the authority to make legal service of process of the summonses issued and claims that he was denied due process by the failure to hold an evidentiary hearing on the matter.

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party . . .from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . .; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; . . . or (6) any other reason that justifies relief."  Fed. R. Civ. Proc. 60(b).  Where none of these factors is present the motion is properly denied.  Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991).

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff's continued reliance on IRC 7608 in this action is unpersuasive. Section 7608 is inapplicable here as it "applies only to criminal enforcement officers performing certain functions relating to undercover operations, subtitle E of the Internal Revenue Code and other laws relating to alcohol, firearms and tobacco." In re Beam, 192 F.3d 941, 945 (9th Cir. 1999). As the Court previously found, it is "undisputed that a special agent is authorized, pursuant to 26 U.S.C. [§] 7602, to issue an Internal Revenue summons in aid of a tax investigation with civil and possible criminal consequences." Couch v. United States, 409 U.S. 322, 326 (1973). Plaintiff's arguments to the contrary have been considered and rejected.

The government's burden to defeat the motion to quash is slight and, as has occurred here, is met by the agent submitting a declaration stating that the requirements have been met. United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993). Plaintiff's conclusory

allegations that the IRS investigator is not acting in good faith are insufficient to meet his heavy burden to show there was an abuse of process or lack of institutional good faith. United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993). To meet his burden, Plaintiff is required to show that there is no legitimate purpose for which the summonses were issued. Sterling Trading, LLC v. U.S., 553 F.Supp.2d 1152, 1158 (C.D. Cal. 2008). Plaintiff has not done so.

Finally, "[i]t is well established that 'the mere issuance of a summons does not give rise to due process concerns.' " Sterling Trading LLC, 553 F.Supp. at 1163 (quoting Mollison v. United States, 481 F.3d 119, 125 (2nd Cir. 2007)). Plaintiff contends that the Court violated his due process rights by failing to conduct an evidentiary hearing. In this instance, the Court found that oral arguments were not necessary and pursuant to the Local Rule the petition was submitted on the written pleadings. L.R. 230(g).

Assuming without deciding that Plaintiff has a protected interest in the records sought, "[t]he fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' " Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965)). "(D)ue process is flexible and calls for such procedural protections as the particular situation demands." Mathews, 424 U.S. at 334 (quoting Morrissey v. Brewer, 408 U.S. 471, 481 (1972)). The Court is not required to conduct an evidentiary hearing to meet the requirements of due process.

> The judicial model of an evidentiary hearing is neither a required, nor even the most effective, method of decisionmaking in all circumstances. The essence of due process is the requirement that "a person in jeopardy of serious loss (be given) notice of the case against him and opportunity to meet it." Joint Anti-Fascist Comm. v. McGrath, 341 U.S., at 171-172, 71 S.Ct., at 649. (Frankfurter, J., concurring). All that is necessary is that the procedures be tailored, in light of the decision to be made, to "the capacities and circumstances of those who are to be heard," Goldberg v. Kelly, 397 U.S., at 268-269, 90 S.Ct., at 1021 (footnote omitted), to insure that they are given a meaningful opportunity to present their case.

Mathews, 424 U.S. at 348-49.

Plaintiff has been given the opportunity to provide, and has provided, extensive briefing on the issues raised before the Court. The Court has considered Plaintiff's arguments as briefed by the parties. Plaintiff has received that process which is due.

3

1  The fact that Plaintiff disagrees with the decision of the Court is insufficient grounds for
2  reconsideration.
3  Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to amend the judgment
4  is DENIED.

IT IS SO ORDERED.

Dated: April 23, 2014

SENIOR DISTRICT JUDGE